CONTRACTOR'S TRANSIT, INC. *v.* AMERICAN PIPE CORP.

[No. 1169A222. Filed November 25, 1970. Rehearing denied January 21, 1971. Transfer denied March 25, 1971.]

*Michael V. Gooch, Larry J. Wallace,* of Indianapolis, for appellant.

*Maxwell Gray, L. Robert Lowe, Jr., Dowden, Denny, Lowe & Case,* of Indianapolis, for appellee.

SHARP, J.—This is an appeal from a decision in which the trial court denied the claim of the Plaintiff-Appellant, Contractor's Transit, Inc., against the Defendant-Appellee, American Pipe Corporation, in so far as said claim related to freight shipments made by Appellant wholly within the city of Indianapolis and its "suburban territory."

The facts are not in dispute. The Appellant is a common carrier of goods throughout the State of Indiana and has a Certificate of Public Convenience and Necessity issued by the Public Service Commission, hereinafter referred to as the PSC. The Appellant at all times relevant to this appeal had on file with the PSC a schedule of commodity rates and tariffs, which specified the charges to be applied between points in Indiana for certain commodities, mileage and weights.

During the month of April 1962 and at various times subsequent thereto, the Appellant transported shipments of cement products and sewer pipe from manufacturing plants of Appellee located in Indiana, to various job sites in Indiana, the majority of said shipments and the ones relevant to this appeal having been made within the city of Indianapolis and its "suburban territory." Through an alleged billing mistake, the Appellee was billed for said shipments and paid for the same at rates less than those published and on file with the PSC. Subsequently, Appellant sent out bills for the deficiency, which were disputed by the Appellee thereby resulting this action in the trial court.

While the Appellant raises several specifications of error, it is abundantly clear that the question presented is one of law. We are being asked to construe for the first time the "Suburban Exemption" statute of the Indiana Motor Carrier Act [Acts 1935, ch. 287, § 3, as found in Burns' Indiana Statutes Annotated, § 47-1213] as it existed prior to the 1967 amendment, which reads in the pertinent part as follows:

> "The provisions of this act . . . shall not apply:
> (a) *To motor vehicles,* if owned by a bonafide resident of the State of Indiana, engaged in transporting property between point of origin and point of destination, both of said points being within the same city or town, and/or the suburban territory of such city or town as herein defined. . . ." (our emphasis)

The question presented is whether the above statute excludes vehicles of a common carrier duly licensed by the PSC from the other mandatory provisions of the Act, when said vehicles are being used to make shipments whose points of origin and points of destination are both within a city or town and its "suburban territory".

Appellant contends that the Suburban Exemption Statute applies only to those carriers who are engaged *exclusively* in local cartage operations. The argument is that the statute excludes local carriers from ever coming within the jurisdiction of the PSC and that since Appellant was already under said jurisdiction the same is retained even when the Appellant is engaged in intrasuburban activities. They argue that it is the carrier that must be outside the jurisdiction of the PSC and not just isolated shipments made by vehicles of said carrier.

With this construction of the statute by Appellant we cannot agree. The language of the statute is clear on its face. It exempts *"motor vehicles . . . engaged in transporting property"* within a city and its "suburban territory" and *not the owner* of such vehicles. The statute is activity oriented. It is the specific vehicles engaged in transport-

ing the property, whether owned by an intrastate common carrier or a local cartage operation, that are exempt from the published rate schedules. As to vehicles owned by a common carrier with a PSC permit, the vehicles are only exempt from their published rates while engaged in activities that fall within the exemption, i.e., intracity or its "suburban territory".

In oral argument Appellant's counsel conceded that a common carrier with a PSC permit could also engage in a local cartage operation if said operation was separate and distinct from the statewide operation. We see no valid reason to draw such a distinction when the statute, Burns' Indiana Statutes Annotated § 47-1213, *supra,* given its express and clear application, exempts all motor vehicles that meet the requisite criteria contained therein.

> This court in *Knox County Rural Elec. Mem. Corp.* v. *Public Serv. Co.,* 139 Ind. App. 547, 213 N. E. 2d 714, 720, 721 (1966), reiterated the policy of this State when it said:

> "It is the recognized rule of statutory construction that a statute must be held to mean what it clearly and plainly expresses and that its plain, clear and obvious meaning may not be enlarged or restricted."

The trial court by its judgment implicitly held that deliveries made within the intracity area were within the purview of the Suburban Area Exemption of the Motor Carrier Act and therefore not subject to the rate schedules on file with the PSC. The trial court gave a literal interpretation to the Suburban Area Exemption in conformity with the above stated rule.

We, therefore, find that the application of the statute, Burns' Indiana Statutes Annotated § 47-1213, by the trial court, was correct and that the decision of that court should be, and is affirmed.

Hoffman and White, JJ. concur.

Pfaff, J., not participating.

NOTE.—Reported in 263 N. E. 2d 652.